Filed 4/9/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM STAMPS,<br><br>    Defendant and Appellant. | A154091<br><br>(Alameda County<br>Super. Ct. No. 17CR010629) |

In exchange for a stipulated nine-year sentence and the dismissal of other counts, defendant William Stamps plead no contest to one count of residential burglary (Pen. Code,[1] § 459) and admitted a prior serious felony conviction (§ 667, subds. (a)(1)). The court sentenced defendant to the stipulated prison term, which consisted of the low term of two years for the burglary doubled pursuant to sections 1170.12, subdivision (c)(1) and 667, subdivision (e)(1) and a five-year enhancement pursuant to section 667, subdivision (a)(1). On appeal, defendant contends the matter must be remanded so that the trial court may exercise its discretion to strike the five-year serious felony conviction enhancement pursuant to recently enacted Senate Bill No. 1393. (Legis. Counsel's Dig., Sen. Bill No. 1393 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1013, §§ 1, 2.) We agree and, accordingly, remand for a new sentencing hearing to decide whether to exercise that discretion.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

## Background

Defendant was sentenced on January 10, 2018. On March 29, 2018, defendant timely filed a notice of appeal. His request for a certificate of probable cause was denied.[2]

At the time of defendant's sentencing, the trial court did not have discretion to strike an enhancement imposed under section 667, subdivision (a)(1). (Pen. Code, former § 1385, subd. (b); Stats. 2014, ch. 137, § 1, eff. Jan. 1, 2015 ["This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."].) On September 30, 2018, the Governor signed Senate Bill No. 1393 that, effective January 1, 2019, amended section 1385 to delete former subdivision (b) and give trial courts the discretion to dismiss five-year sentence enhancements under section 667, subdivision (a). (See Legis. Counsel's Dig., Sen. Bill No. 1393 ["This bill would delete the restriction prohibiting a judge from striking a prior serious felony conviction in connection with imposition of [a] 5-year enhancement . . . ."].)

## Discussion

Defendant contends that because his case is not yet final and the recent amendment applies retroactively, the judgment should be reversed and the matter remanded for resentencing to allow the trial court an opportunity to exercise its discretion to strike the enhancement. The Attorney General agrees that the Senate Bill No. 1393 amendment applies retroactively (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973), but insists that defendant is not entitled to the requested relief because his plea bargain

---

[2] Defendant requested a certificate of probable cause on the following grounds: "My base term was 2 years for a 1st degree burglary residential, which was a serious non-violent crime, where no forced entry was made. I only went into a carport garage (walk through) that was attached to an apartment complex. Besides the 2-year base term, I was also given 7 years of enhancements which made it 9 years 80%. . . . I truly believed I was unfairly sentenced."

contained a stipulated sentence of nine years and he was sentenced in conformity with the negotiated plea.[3]

Initially, the Attorney General argues that the appeal should be dismissed because defendant did not obtain a certificate of probable cause. (§ 1237.5.) While ordinarily the failure to obtain a certificate of probable cause would preclude a challenge to a negotiated sentence, in *People v. Hurlic* (2018) 25 Cal.App.5th 50 (*Hurlic*), the court held that the ordinary rule does not apply when the challenge is based on a retroactive change in the law. In its well-reasoned decision, the court gave three reasons for applying "the law governing the retroactivity of new criminal statutes" (*id.* at p. 56) rather than "the law interpreting the certificate of probable cause requirement in section 1237.5" (*id.* at p. 55). First, absent an explicit provision in a plea agreement to the contrary, the plea must be deemed to incorporate the subsequently enacted legislation. (*Id.* at p. 57.) Second, the purpose of the certificate of probable cause requirement is to weed out frivolous appeals and that purpose would not be served where "the defendant's entitlement to a new law's

---

[3] We note briefly that there is no contention here that defendant waived his right to appeal the issue before us. Recent authority is in conflict as to whether a waiver of appellate rights that includes reference to a stipulated sentence bars relief under a postjudgment change of law. (Compare *People v. Wright* (2019) 31 Cal.App.5th 749 [plea agreement that includes a specified prison term and a waiver of the right to appeal the sentence did not waive future sentencing error based on a change in the law of which defendant was unaware at the time the plea was entered] with *People v. Barton* (2019) 32 Cal.App.5th 1088 [plea agreement that includes a specified prison term and a waiver of the right to appeal the sentence precludes future challenges to the legality of the agreed-upon period of confinement].) In this case, however, defendant entered a general waiver of his appellate rights that did not preclude review of his sentence. The waiver read, "I hereby give up my right to appeal from this conviction, including an appeal from the denial of any pretrial motions." A "waiver that is nonspecific, e.g., 'I waive my appeal rights' or 'I waive my right to appeal any ruling in this case,' " is considered a general waiver. (*People v. Panizzon* (1996) 13 Cal.4th 68, 85, fn. 11.) "A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.] Thus, a waiver of appeal rights does not apply to ' "possible future error" [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' " (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815.)

retroactive application is undisputed" and therefore "an appeal seeking such application is neither 'frivolous' nor 'vexatious.' " (*Id.* at p. 58.) Third, under the rules of statutory construction, "[w]here two statutes conflict, courts give precedence to the later-enacted statute and precedence to the more specific statute." (*Ibid.*; see also *People v. Baldivia* (2018) 28 Cal.App.5th 1071, 1077 (*Baldivia*) [following *Hurlic*].) Contrary to the Attorney General's argument, *Hurlic* is not based on the rationale that the defendant in that case did not check the box on his notice of appeal indicating he was challenging the validity of his plea but was seeking to avail himself of the new legislation. All of the reasons for the decision explained in *Hurlic* are fully applicable in the present case.

The Attorney General places heavy reliance on *People v. Enlow* (1998) 64 Cal.App.4th 850, in which the court rejected (for failure to obtain a certificate of probable cause and on the merits) a defendant's attempt to reduce an agreed upon sentence based on the expiration of the statute that had temporarily increased the penalty to which the defendant had agreed. As the *Hurlic* court explained, *Enlow* is "distinguishable because the statutory change in *Enlow* was not truly a 'new law'; the statute's anticipated sunset was already on the books (and thus part of the legal landscape) at the time the plea agreement was negotiated, such that the parties' agreement to a specific sentence that did not account for the sunset was 'part of the deal' and thus his attack on that sentence went to the validity of the plea itself." (*Hurlic, supra,* 25 Cal.App.5th at p. 58; see also *Baldivia*, *supra,* 28 Cal.App.5th at p. 1079 ["defendant's appellate contentions were not an attack on the validity of his plea and did not require a certificate of probable cause"].)[4] Like the statutory change in *Hurlic,* the amendment in the present case was not on the books or anticipated when defendant entered his plea agreement, so that his present appeal is not a challenge to the validity of the plea itself.

---

[4] *Hurlic* also regarded *Enlow* as unpersuasive because it did "not make any effort to reconcile section 1237.5 with the second line of authority involving retroactive application of new laws ameliorating criminal sentences." (*Hurlic, supra,* 25 Cal.App.5th at p. 59.)

4

The Attorney General argues further that retroactive application of new law in this case would deprive the prosecution of the benefit of its plea bargain. Both *Hurlic, supra,* 25 Cal.App.5th at page 57 and *Baldivia*, *supra*, 28 Cal.App.5th at pages 1077-1078 rejected this argument. As the court explained in *Hurlic*, "Unless a plea agreement contains a term requiring the parties to apply only the law in existence at the time the agreement is made, . . . 'the general rule in California is that the plea agreement will be " 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.' " ' " (*Hurlic*, *supra*, 25 Cal.App.5th at p. 57; *Baldivia, supra,* at p. 1077, citing *Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*); see also *People v. Wright, supra,* 31 Cal.App.5th at p. 755 ["Although the parties and the trial court may not unilaterally alter the terms of a plea bargain [citation], the *Doe* court concluded that subsequent statutory enactments or amendments may alter the terms of the plea bargain."].)

In *Doe*, *supra*, 57 Cal.4th at pages 66-67, the California Supreme Court held that amendments to the sex offender registration law, which allowed for publication of certain information about registered sex offenders, could be applied to Doe, who had entered into a plea agreement at a time when the law prohibited such public access. The court explained, "[T]he parties to a plea agreement—an agreement unquestionably infused with a substantial public interest and subject to the plenary control of the state—are deemed to know and understand that the state, again subject to the limitations imposed by the federal and state Constitutions, may enact laws that will affect the consequences attending the conviction entered upon the plea." (*Id.* at p. 70.) Thereafter, in *Harris v. Superior Court* (2016) 1 Cal.5th 984, 991 (*Harris*), the California Supreme Court applied *Doe* to a plea agreement that had been entered into prior to the enactment of Proposition 47, which permitted courts to resentence prior felony convictions as misdemeanors. The court held that defendant was entitled to have his grand theft conviction resentenced as a misdemeanor and that the change in law did not permit the prosecution to withdraw from the plea agreement and reinstate the original charges.

5

(*Harris,* at pp. 989-991.) The court explained, "The electorate exercised that authority in enacting Proposition 47. It adopted a public policy respecting the appropriate term of incarceration for persons convicted of certain crimes, including grand theft from the person. The policy applies retroactively to all persons who meet the qualifying criteria and are serving a prison sentence for one of those convictions, whether the conviction was by trial or plea. The electorate may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement. The electorate did so when it enacted Proposition 47." (*Harris,* at p. 992.)

The court in *Harris, supra,* 1 Cal.5th at page 993, distinguished *People v. Collins* (1978) 21 Cal.3d 208, in which the court held that when an intervening act of the Legislature decriminalizes the conduct for which a defendant was convicted, the state is substantially deprived of the benefits for which it agreed to enter the bargain and thus, it may restore the charges that were dismissed as part of the negotiated plea. The *Harris* court explained that in *Collins* "we allowed the People to withdraw from a plea agreement before sentencing where a change in the law had decriminalized the offense to which the defendant had pled. The change eviscerated the judgment and the underlying plea bargain entirely, and it did so before the judgment. That is not the case here. Thus, while the rule of *Doe, supra*, 57 Cal.4th 64, governs this case, we believe *Doe* and *Collins* can be harmonized." (*Harris, supra,* 1 Cal.5th at p. 993.)

Because the Senate Bill No. 1393 amendment was intended to apply retroactively, defendant is entitled to seek relief under the new law. (See *Doe, supra*, 57 Cal.4th at pp. 73-74 ["It follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law."]; *People v. Wright, supra*, 31 Cal.App.5th at p. 756 ["If parties to a plea agreement want to insulate

6

the agreement from future changes in the law they should specify that the consequences of the plea will remain fixed despite amendments to the relevant law."].)

The Attorney General's arguments on appeal are supported by the recent decision in *People v. Kelly* (2019) 32 Cal.App.5th 1013, in which the court considered the retroactive application of a new law to a stipulated sentence a " 'bounty in excess of that to which [the defendant] is entitled.' " (*Id.* at p. 1018.) We are not persuaded by *Kelly* because, among other reasons, it failed to consider the reasoning on which *Hurlic* is based,[5] and it failed to cite or consider *Baldivia*, *supra*, 28 Cal.App.5th 1071, *Doe, supra,* 57 Cal.4th 64, or *Harris, supra,* 1 Cal.5th 984.

Finally, the Attorney General argues that remand for resentencing is unwarranted because the trial court indicated, by accepting the plea, it would not have dismissed the enhancement if it had the discretion to do so. (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081 [remand is required when "the record does not 'clearly indicate' the court would not have exercised discretion to strike the firearm allegations had the court known it had that discretion"]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 [remand is not required if "the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken [the previously mandatory] enhancement"].) The court's acceptance of the negotiated sentence, however, does not clearly establish that the court would not have exercised discretion to strike the enhancement if it had that discretion.

Accordingly, we must remand for the purpose of allowing the trial court to consider whether to strike the section 667, subdivision (a) enhancement. In exercising its discretion, the trial court is not precluded from considering whether doing so would be incompatible with the agreement on which defendant's plea was based. If the trial court strikes the enhancement, it shall resentence defendant. In selecting an appropriate

---

[5] The court in *Kelly,* like the Attorney General here, asserted that *Hurlic* is based on the "narrow circumstance" of the manner in which the defendant completed his notice of appeal. (*People v. Kelly, supra,* 32 Cal.App.5th at p. 1016.) As explained in text, *ante*, that is not the rationale on which *Hurlic* is based.

7

sentence, the court retains its full sentencing discretion except that it may not impose a term in excess of the negotiated nine years without providing defendant the opportunity to withdraw his plea. (*People v. Wright, supra*, 31 Cal.App.5th at p. 756 ["On remand the trial court is to resentence [defendant] in accordance with the applicable statutes and rules, provided that the aggregate term does not exceed the stipulated sentence."].) If the trial court does not strike the enhancement, it shall reinstate the sentence.

## Disposition

The judgment is reversed and the matter is remanded to permit the court to determine whether to strike the enhancement under Penal Code section 667, subdivision (a) and to resentence defendant accordingly. In all other respects the judgment is affirmed.


POLLAK, P. J.


WE CONCUR:

STREETER, J.
BROWN, J.

8

| | |
|---|---|
| Trial court: | Alameda County Superior Court |
| Trial judge: | Honorable James Cramer |
| Counsel for plaintiff and appellant: | Xavier Becerra, Attorney General, Gerald A. Engler Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, René A. Chacón, Supervising Deputy Attorney General |
| Counsel for defendant and appellant: | James S. Donnelly-Saalfield by appointment of the Court of Appeal |

A154091

9