NEEDHAM, J., Concurring and Dissenting
I concur with the majority opinion, except to the extent it remands the matter for Alexander to be resentenced pursuant to Senate Bill 1393 (SB 1393). (Sen. Bill No. 1393 (2017-2018 Reg. Sess.) § 667.) That issue is not properly before us, because Alexander did not obtain a certificate of probable cause.
It is fundamental that an appellant who challenges the validity of his or her plea must first obtain a certificate of probable cause from the trial court. ( People v. Panizzon (1996) 13 Cal.4th 68, 76, 51 Cal.Rptr.2d 851, 913 P.2d 1061 ; Pen. Code, § 1237.5.) Where the appellant seeks to change a sentence that the parties had agreed would be imposed as part of the plea bargain, the appellant is in substance challenging the plea's validity and a certificate of probable cause is required. (E.g., Panizzon, supra , 13 Cal.4th at p. 78, 51 Cal.Rptr.2d 851, 913 P.2d 1061 ; People v. Cuevas (2008) 44 Cal.4th 374, 381-382, 79 Cal.Rptr.3d 303, 187 P.3d 30.)
Here, Alexander's plea was part of an agreement by which the court would impose, and did impose, a specific sentence of 14 years, including five years for his prior conviction of attempted robbery ( Pen. Code, § 667, subd. (a)(1) ). ~(CT 421-422, 439)~ Alexander now wants us to remand the case so the trial court can strike or dismiss his prior felony conviction pursuant to SB 1393 and give him a sentence less than that to which he stipulated in his plea agreement. (See Pen. Code, § 667, subd. (a) ; § 1385, subd. (b).) Alexander is plainly attacking the validity of his plea, and a certificate of probable cause is necessary.
The majority states in a footnote that Alexander was not required to obtain a certificate of probable cause, theorizing that his request for relief does not really attack the plea's validity. (Maj. opn. ante, part III, fn. 16.) The majority cites People v. Buttram (2003) 30 Cal.4th 773, 782, 134 Cal.Rptr.2d 571, 69 P.3d 420 ( Buttram ), but Buttram affirms the principle that a certificate is required where, as here, the *579 appellant attacks a specific sentence to which the parties agreed. ( Id. at pp. 781-782, 789, 134 Cal.Rptr.2d 571, 69 P.3d 420.) While Buttram further concluded that a certificate of probable cause was not needed to challenge the court's exercise of discretion in selecting a sentence within an agreed maximum, that is not at issue here. ( Id. at pp. 785-789, 134 Cal.Rptr.2d 571, 69 P.3d 420.)
The majority also cites People v. Stamps (2019) 34 Cal.App.5th 117, 245 Cal.Rptr.3d 821 ( Stamps ), involving SB 1393, and People v. Hurlic (2018) 25 Cal.App.5th 50, 54-59, 235 Cal.Rptr.3d 255 ( Hurlic ), a case involving Senate Bill 620 (SB 620) on which Stamps heavily relied. Both Stamps and Hurlic acknowledged that a certificate of probable cause is required when an appellant challenges a specific negotiated sentence, but nonetheless concluded that this mandate can be ignored when the challenge is based on a retroactive change in the law. ( Stamps , at p. 121, 245 Cal.Rptr.3d 821 ; Hurlic , at pp. 55-57, 235 Cal.Rptr.3d 255.)
The retroactivity analysis of Stamps and Hurlic does not persuade me. It implies that, even though a certificate of probable cause is mandated for attacks on plea bargains reached after the effective date of SB 1393 (or SB 620), no certificate would be needed for attacks against plea bargains reached before the law was even in existence. This would be a curious result, which Stamps and Hurlic do not adequately explain.
In my view, Stamps and Hurlic overstate the consequence of retroactivity. Although a new statute may apply retroactively to cases not yet final, that does not mean that every case not yet final falls within the scope of the new statute. Here, SB 1393 applies retroactively, but there is no indication that it was intended to govern cases in which, as here, the defendant had agreed to a conditional plea that mandated a specific sentence without judicial discretion to change it. (See People v. Segura (2008) 44 Cal.4th 921, 923, 80 Cal.Rptr.3d 715, 188 P.3d 649 [trial court may not change the sentence stipulated in a conditional plea without the consent of both parties].) Moreover, even if a law applies retroactively, it does not follow that a person using that law to challenge a stipulated sentence is immune from having to obtain a certificate of probable cause.
Stamps 's and Hurlic 's primary justification for their retroactivity analysis borrows from the idea that new laws are sometimes incorporated into old plea agreements. ( Stamps, supra , 34 Cal.App.5th at p. 121, 245 Cal.Rptr.3d 821 ; Hurlic, supra , 25 Cal.App.5th at p. 57, 235 Cal.Rptr.3d 255.) As the argument goes, unless a plea agreement explicitly requires the parties to apply only the law in existence when the agreement is made, " 'the general rule in California is that the plea agreement will be " 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.' " ' " ( Hurlic, supra , 25 Cal.App.5th at p. 57, 235 Cal.Rptr.3d 255, quoting Doe v. Harris (2013) 57 Cal.4th 64, 66, 158 Cal.Rptr.3d 290, 302 P.3d 598 ( Doe ).) Relying on Doe and Harris v. Superior Court (2016) 1 Cal.5th 984, 209 Cal.Rptr.3d 584, 383 P.3d 648 ( Harris ), Hurlic concluded that the subject plea agreement was " 'deemed to incorporate' the subsequent enactment of [SB 620], and thus give defendant the benefit of its provisions without calling into question the validity of the plea." ( Hurlic, supra , 25 Cal.App.5th at p. 57, 235 Cal.Rptr.3d 255.)
However, the cases on which Hurlic relied are inapposite. Besides the fact that neither of them addressed the certificate *580 of probable cause requirement, the plea agreements in those cases were deemed to incorporate substantive changes in the law, which the Legislature explicitly made applicable to the defendants. ( Doe, supra , 57 Cal.4th at p. 66, 158 Cal.Rptr.3d 290, 302 P.3d 598 ; Harris, supra , 1 Cal.5th at p. 991, 209 Cal.Rptr.3d 584, 383 P.3d 648.) Here, SB 1393 merely allows a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. ( People v. Garcia (2018) 28 Cal.App.5th 961, 971, 239 Cal.Rptr.3d 558.) SB 1393 does not require all prior serious felony convictions to be stricken for sentencing; nor does it expressly make its provisions applicable to persons convicted pursuant to a plea bargain that was conditioned on the court entering a specified sentence, and only that sentence.
This distinction makes a difference, as recently explained in two cases from this appellate district that rejected Hurlic 's and Stamps 's analysis. ( People v. Galindo (2019) 35 Cal.App.5th 658, 247 Cal.Rptr.3d 553 ( Galindo ); People v. Fox (2019) 34 Cal.App.5th 1124, 246 Cal.Rptr.3d 873 ( Fox ).) As Fox concluded, "the general rule that plea agreements incorporate subsequent changes in the law pertains only to changes that the Legislature or electorate ' "intended to apply to" ' the parties to plea agreements," and there is no indication that SB 620 was intended to apply to plea bargains in which the defendant and the prosecution stipulated that a specific sentence would be entered in exchange for the dismissal of other counts, rights, or remedies. ( Fox , at pp. 1135-1136, 246 Cal.Rptr.3d 873.) Galindo reached the same conclusion as to SB 1393, and so do I. ( Galindo , at pp. 671-672, 247 Cal.Rptr.3d 553.)
As another reason for eschewing the certificate of probable cause requirement, Hurlic asserted that the intent behind the requirement is to encourage plea agreements and weed out frivolous and vexatious appeals, and a defendant's incentive to plead is reduced if the defendant must seek a certificate of probable cause to take advantage of a new law. ( Hurlic, supra , 25 Cal.App.5th at pp. 57-58, 235 Cal.Rptr.3d 255.) I find it difficult to believe that a defendant, content with serving a specified number of years to avoid trial and the potential for additional convictions and a longer sentence, would shun the deal merely because, if in the future some change in the law would shave even more years off his sentence, he would have to file a piece of paper stating why the new law applies (which he would have to establish eventually anyway). (See Galindo, supra , 35 Cal.App.5th at p. 672, 247 Cal.Rptr.3d 553.) And if, as Galindo concludes, SB 1393 was not intended to apply to convictions obtained by conditional plea ( id. at p. 671, 247 Cal.Rptr.3d 553 ), the gatekeeping function of Penal Code section 1237.5 can only be fulfilled if the certificate of probable cause requirement is imposed.
Lastly, Hurlic asserted that the more specific and newer legislation (in this case, SB 1393) should prevail over the more general and older Penal Code section 1237.5. ( Hurlic, supra , 25 Cal.App.5th at p. 58, 235 Cal.Rptr.3d 255.) However, those rules of construction apply only if there is no other way to harmonize conflicting statutes. Here, if there is any conflict between the certificate of probable cause requirement and the retroactive application of SB 1393, the conflict is readily harmonized: SB 1393 applies retroactively, but not to convictions by plea bargains in which a condition of the plea was the specific sentence the defendant received. After all, it is one thing to allow the court to exercise its discretion when the parties had agreed that the sentence would be left to the court's discretion; it is quite another to give the court discretion to change the *581 sentence when the parties had agreed that only one sentence was acceptable. (See Buttram, supra , 30 Cal.4th at pp. 786, 789, 134 Cal.Rptr.2d 571, 69 P.3d 420 ["when the claim on appeal is merely that the trial court abused the discretion the parties intended it to exercise " in sentencing, there is no attack on the validity of the plea; but if it challenges a sentence that the parties agreed must be entered as a condition of the plea, appellant is attacking the validity of the plea], italics added.) Hurlic provides no basis for the majority's ruling in this case.
The majority's footnote in this case also expresses its agreement with the dissent in Fox , to the effect that Alexander is merely trying to " 'raise issues reserved by the plea agreement.' " (Maj. opn. ante, part III, fn. 16, quoting Fox, supra , at p. 1144, 246 Cal.Rptr.3d 873 (Sanchez, J., dissenting).) But that proposition is incorrect, since Alexander's conditional plea agreement did not reserve discretion to the trial court to change the length of his sentence. Indeed, it is the whole point of a conditional plea, as well as the expectation of the parties who negotiate them, that the court would not have such discretion. In my view, before we jump to the conclusion that the Legislature intended to flip the long-standing law and its real-world application on its head, wisdom dictates that we require something more from the legislative language than silence. I therefore agree not with the dissent in Fox , but with the views of the justices who formed the majority in Fox , as echoed by the unanimous panel in Galindo.[18]
Alexander's insistence that the court should be allowed to change his sentence under SB 1393 attacks the validity of his plea, and his argument cannot be heard without a certificate of probable cause. ( Cal. Rules of Court, rule 8.304(b).)

The majority's footnote in this case also questions whether Alexander's appeal would require a certificate of probable cause even if he is not entitled to a remand for resentencing, because "a conclusion that appellant's statutory interpretation is incorrect does not transform his appeal into an attack on the validity of the plea." (Maj. opn. ante, part III, fn. 16.) My point, however, is not that Alexander needs a certificate of probable cause because he is wrong in his interpretation of the statute, but because his request for relief attacks the validity of his plea.