Filed 7/16/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B290506 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA095655) |
| v. | |
| CHRISTOPHER WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge.  Appeal dismissed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.

We confront a direct and widening court conflict over whether defendants who made a plea deal must obtain a certificate of probable cause before asking, on appeal, for a remand for resentencing under Senate Bill No. 1393 (2017–2018 Reg. Sess.), which we call SB 1393. The Supreme Court has taken up but not yet decided this conflict. We join with the courts ruling a certificate of probable cause is necessary. We dismiss this appeal because Christopher Williams never tried to obtain a certificate of probable cause. All statutory citations are to the Penal Code.

## I

We summarize some factual background.

As part of a plea deal, Williams pleaded no contest to two felony counts of robbery. Williams admitted a strike offense conviction. In May 2018, the trial court sentenced Williams to 30 years and four months in prison. Five of these years were due to a prior serious felony conviction enhancement under section 667, subdivision (a)(1). Without requesting or receiving a certificate of probable cause, Williams filed a notice of appeal on May 31, 2018.

The law changed later in 2018. At the time of sentencing, section 1385(b) prohibited the court from striking any prior conviction of a serious felony for enhancement purposes under section 667. On September 30, 2018, the Governor signed SB 1393 into law. Effective January 1, 2019, this bill amended section 1385 to grant courts discretion either to impose or to strike section 667, subdivision (a)(1) enhancements.

## II

The parties correctly agree the changes enacted by SB 1393 apply retroactively to Williams. (See *In re Estrada* (1965) 63 Cal.2d 740, 744–745 (*Estrada*).)

Courts of Appeal have divided over whether a defendant sentenced before SB 1393 must obtain a certificate of probable cause before seeking a remand for resentencing under the new law.  (Compare *People v. Galindo* (2019) 35 Cal.App.5th 658, petn. for review pending, petn. filed June 26, 2019 (*Galindo*) [dismissing appeal for defendant's failure to obtain certificate of probable cause] and *People v. Kelly* (2019) 32 Cal.App.5th 1013, review granted June 12, 2019, S255145 (*Kelly*) [dismissing appeal for defendant's failure to obtain certificate of probable cause] with *People v. Stamps* (2019) 34 Cal.App.5th 117, review granted June 12, 2019, S255843 [remanding for resentencing given SB 1393] and *People v. Alexander* (June 25, 2019, A151809 & A152247) ___ Cal.App.5th ___ [2019 WL 2590700] [remanding for resentencing given SB 1393].)  A similar split concerns Senate Bill No. 620 (2017–2018 Reg. Sess.) (SB 620), which granted trial courts new discretion to strike or dismiss firearm sentencing enhancements. (Compare *People v. Fox* (2019) 34 Cal.App.5th 1124 (*Fox*) [dismissing appeal for defendant's failure to obtain certificate of probable cause] with *People v. Hurlic* (2018) 25 Cal.App.5th 50 [remanding for resentencing given SB 620] and *People v. Baldivia* (2018) 28 Cal.App.5th 1071 [remanding for resentencing given SB 620].)

We agree with the courts in *Galindo*, *Kelly*, and similar cases and therefore dismiss the present appeal for Williams's failure to obtain a certificate of probable cause.

There is no sign the Legislature meant SB 1393 to apply to cases with stipulated and negotiated plea deals.

Nothing in the language or legislative history of SB 1393 suggests the Legislature meant to grant trial courts discretion to reduce stipulated sentences to which the prosecution and defense have agreed in exchange for other promises.  (*Galindo, supra,* 35

3

Cal.App.5th at p. 671.) Williams argues to the contrary but cites neither language from SB 1393 nor other evidence of legislative intent.

The court in *Galindo* aptly distinguished SB 1393 from different statutes where legislative intent was clear. For example, Proposition 47 expressly applied to people "serving a sentence for a conviction, *whether by trial or plea*." (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 991, original italics.) There is nothing like that in SB 1393. Similarly, amendments to the Sex Offender Registration Act specifically say the change in law applied to "every person" required to register as a sex offender, without regard to when the crimes were committed or when the registration duty arose. (Pen. Code, § 290.46, subd. (m); see *Doe v. Harris* (2013) 57 Cal.4th 64, 66–67.) SB 1393 lacks such language.

We conclude the Legislature did not want SB 1393 to alter existing sentences based on a negotiated plea deal and a stipulated sentence.

To no effect, Williams seeks to distinguish his case from *Fox* by observing Williams filed his notice of appeal *before* SB 1393 passed. Williams points out the defendant in *Fox* entered his guilty plea *after* SB 620 was passed and thus Fox knew of its existence at the time he filed his notice of appeal. But *Galindo* rejected this factual distinction. (*Galindo, supra,* 35 Cal.App.5th at p. 669.) In *Galindo*, the court entered defendant's plea and sentenced him well before SB 1393 passed the Legislature or was signed into law. The court noted this prevented Galindo from seeking a certificate of probable cause based on SB 1393, but "nothing prevented him from filing a petition for writ of habeas corpus on that basis." (*Id.* at p. 669, fn. 4.) The same holds here.

Williams attempts to attack the *Fox* decision by arguing he is not challenging the validity of his negotiated guilty plea. He

4

maintains *Doe v. Harris*, *supra*, 57 Cal.4th at page 65, and *Estrada, supra,* 63 Cal.2d at page 751, support his view.  But the *Fox* decision considered both of these precedents in depth and concluded neither was pertinent to the issue at hand.  (*Fox*, *supra*, 34 Cal.App.5th at pp. 1134–1135.)  We agree.

Williams further urges this court to disregard *Fox* because the court did not cite any precedential authority to support the contention that application of a retroactive sentencing law to a plea agreement constitutes a challenge to the validity of the plea.  The *Fox* decision, however, supported its holding with cases addressing challenges to the validity of plea agreements.  (See *People v. Johnson* (2009) 47 Cal.4th 668; *People v. Shelton* (2006) 37 Cal.4th 759; *People v. Buttram* (2003) 30 Cal.4th 773; *People v. Panizzon* (1996) 13 Cal.4th 68.)

Williams is necessarily challenging the validity of the plea itself. (*Galindo, supra,* 35 Cal.App.5th at p. 670.)  And a certificate of probable cause is necessary when a defendant challenges the validity of the plea itself.  (*People v. Panizzon*, *supra,* 13 Cal.4th at p. 78.)  Williams therefore must have a certificate of probable cause to support his appeal.

## DISPOSITION

We dismiss Williams's appeal for want of a certificate of probable cause.


WILEY, J.


We concur:


BIGELOW, P. J.          GRIMES, J.


5