Filed 12/24/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHARLES PATRICK ELLIS,<br><br>    Defendant and Appellant. | F076421<br><br>(Super. Ct. No. BF166031A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Effective January 1, 2019, Senate Bill No. 1393 amended Penal Code sections 667, former subdivision (a)(1), and 1385, former subdivision (b), and granted trial courts the discretion to strike or dismiss the previously mandatory five-year prior serious felony conviction enhancement under section 667, subdivision (a)(1).[1]  (Stats. 2018, ch. 1013, §§ 1, 2 (Senate Bill No. 1393 or Sen. Bill No. 1393).)  This criminal appeal requires us to determine whether defendant Charles Patrick Ellis, who was convicted by plea and sentenced to a stipulated term that included the then-mandatory five-year enhancement under section 667, former subdivision (a)(1), may proceed with this appeal seeking relief under Senate Bill No. 1393 given his failure to obtain a certificate of probable cause.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(4)(B).)[2]

As discussed herein, we conclude that because defendant entered his plea, was sentenced and filed a notice of appeal approximately one year before Senate Bill No. 1393 was enacted, his failure to obtain a certificate of probable cause at the time of appeal does not bar his claim on appeal requesting relief under the change in the law. (*People v. Baldivia* (2018) 28 Cal.App.5th 1071, 1074 (*Baldivia*); *People v. Hurlic* (2018) 25 Cal.App.5th 50, 53 (*Hurlic*).)  We also reject the People's alternative contention that remand under Senate Bill No. 1393 would be an exercise in futility, and we remand this matter to allow defendant to seek relief under Senate Bill No. 1393. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973, fn. 3 (*Garcia*).)  The judgment is otherwise affirmed.

---

[1]     Further statutory references are to the Penal Code unless otherwise stated.

[2]     As discussed herein, Courts of Appeal are split on this issue, which is pending review before the California Supreme Court.  (E.g., *People v. Kelly* (2019) 32 Cal.App.5th 1013 (*Kelly*), review granted June 12, 2019, No. S255145; *People v. Stamps* (2019) 34 Cal.App.5th 117, 121 (*Stamps*), review granted June 12, 2019, No. S255843.)

# PROCEDURAL HISTORY

Defendant was charged with evading a peace officer (Veh. Code, § 2800.2, subd. (a)) (count 1), two counts of resisting a peace officer by means of threat or violence (§ 69) (counts 2 & 3), possession of methamphetamine for sale (Health & Saf. Code, § 11378 (count 4), false personation (§ 529, subd. (a)(3)) (count 5), misdemeanor hit and run with property damage (Veh. Code, § 20002, subd. (a)) (count 6), and misdemeanor resisting arrest (§ 148, subd. (a)(1)) (count 7).[3]  In addition, the information alleged that defendant suffered a prior serious felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and alleged a gang enhancement (§ 186.22, subd. (b)(1)), a prior serious felony conviction enhancement (§ 667, subd. (a)(1)) and six prior prison term enhancements (§ 667.5, subd. (b)).[4, 5]

Pursuant to a negotiated plea bargain, defendant, who represented himself after executing a waiver under *Faretta v. California* (1975) 422 U.S. 806, 834–836, pled no

---

[3]     Based on the preliminary hearing transcript, the charges in this case arose after police saw defendant, who was driving a vehicle, hand something off to someone and drive away at a high rate of speed.  After officers pulled defendant's vehicle over, defendant and his passenger provided false names.  Defendant then drove off.  Pursuing officers observed something white thrown out the window.  Defendant subsequently crashed the vehicle, and he and his passenger took off on foot.  Both were apprehended thereafter, and officers located 100 grams of methamphetamine, two scales and a pellet gun that were thrown from the vehicle.  As the underlying facts are not relevant to the issues raised on appeal, we do not summarize them further.

[4]     Effective January 1, 2020, Assembly Bill No. 991 amended sections 667 and 1170.12 to effect technical corrections.  (Stat. 2019, ch. 497, §§ 195, 204.)

[5]     Section 667.5, subdivision (b), was amended effective January 1, 2020, to provide: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term *for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code*, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail

contest to evading a peace officer (count 1) and possession of methamphetamine for sale (count 4), and he admitted the prior strike conviction, the prior serious felony conviction enhancement and the gang enhancement. The remaining counts and the prior prison term enhancements were dismissed; and the trial court struck the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–530 (*Romero*) and sentenced defendant on count 1 to the lower term of 16 months, plus two years for the gang enhancement and five years for the prior serious felony conviction enhancement, for a total determinate term of eight years four months. On count 4, the court sentenced defendant to a concurrent lower term of 16 months.

## DISCUSSION

### I. Appellate Jurisdiction in Absence of Certificate of Probable Cause

#### A. Background

##### 1. Plea Agreements in General

With respect to plea bargains, "the process of plea negotiation 'contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] Pursuant to this procedure the defendant agrees to plead guilty [or no contest] in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. [Citation.] This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment (§ 1192.5), by the People's acceptance of a plea to a lesser offense than that charged, either in degree (§§ 1192.1, 1192.2) or kind [citation], or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information. Judicial approval is an essential condition precedent to the effectiveness of the "bargain" worked out by the defense and

---

custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (Sen. Bill. No. 136 (2019-2020 Reg. Sess.) ch. 590, § 1, italics added.)

4.

prosecution. [Citations.] But implicit in all of this is a process of "bargaining" between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them.'" (*People v. Segura* (2008) 44 Cal.4th 921, 929–930 (*Segura*); accord, *People v. Clancey* (2013) 56 Cal.4h 562, 569–570; *People v. Martin* (2010) 51 Cal.4th 75, 79 (*Martin*).)

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citations.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] '"When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."'" (*Segura*, *supra*, 44 Cal.4th at pp. 930–931; accord, *Martin*, *supra*, 51 Cal.4th at p. 79.) However, "the trial court may decide not to approve the terms of a plea agreement negotiated by the parties. [Citation.] If the court does not believe the agreed-upon disposition is fair, the court 'need not approve a bargain reached between the prosecution and the defendant, [but] it cannot change that bargain or agreement without the consent of both parties.' [Citations.] [¶] Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." [Citation.]'" (*Segura*, *supra*, at p. 931; accord, *Martin*, *supra*, at p. 79.)

However, "the general rule in California is that a plea agreement is '"deemed to *incorporate and contemplate* not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.…"'" [Citation.] It follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe v. Harris* (2013) 57 Cal.4th 64, 73–74 (*Doe*), italics added; accord, *Harris v. Superior Court* (2016) 1 Cal.5th 984, 990–991 (*Harris*).)

Although this case does not involve a claim that defendant waived his right to appeal, the Legislature recently expressly relied, in part, on the rule in *Doe* when it added section 1016.8 to the Penal Code effective January 1, 2020. (Assem. Bill No. 1618 (2019-2020 Reg. Sess.) ch. 586, § 1.) Subdivision (b) of section 1016.8 provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."

### 2. Certificate of Probable Cause

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159; accord, *People v. Arriaga* (2014) 58 Cal.4th 950, 958; *People v. Totari* (2002) 28 Cal.4th 876, 881.) "In general, [however,] a defendant may appeal from a final judgment of conviction, unless otherwise limited by sections 1237.1 and 1237.5. (§ 1237; see Cal. Rules of Court, rule 8.304(b) .….) Section 1237.5, which is at issue here, provides in full: 'No appeal shall be taken by the defendant from *a judgment of conviction upon a plea of guilty or nolo contendere*, or a

6.

revocation of probation following an admission of violation, except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.'  (Italics added.)  The purpose of section 1237.5 is 'to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted.'"  (*People v. Maultsby* (2012) 53 Cal.4th 296, 298–299, quoting *People v. Buttram* (2003) 30 Cal.4th 773, 790, fn. omitted; accord, *People v. Panizzon* (1996) 13 Cal.4th 68, 75–76 (*Panizzon*).)  Thus, when a defendant pleads guilty or no contest, as here, absent a certificate of probable cause, "appellate review is [generally] limited to issues that concern the 'jurisdiction of the court or the legality of the proceedings, including the constitutional validity of the plea.'"  (*In re Chavez* (2003) 30 Cal.4th 643, 649; accord, *People v. Maultsby*, *supra*, at pp. 302–303; see *People v. Shelton* (2006) 37 Cal.4th 759, 766.)

### B.    Summary of Parties' Positions on Appeal

Pursuant to the parties' negotiated plea bargain, which did not include a waiver of the right to appeal, defendant pled no contest to count 1 and count 4 and admitted the enhancements on August 29, 2017, and, on September 26, 2017, the trial court imposed a stipulated sentence of eight years four months.  At that time, trial courts lacked discretion under section 667, former subdivision (a)(1), and section 1385, former subdivision (b), to strike or dismiss the five-year prior serious felony conviction enhancement.  After sentencing, defendant filed a timely notice of appeal, stating he was appealing the sentence or other matters after the plea not affecting the validity of the plea.  (§ 1237.5; Cal. Rules of Court, rules 8.304(b)(4)(B), 8.308(a).)

Approximately one year later and while this appeal was pending, Senate Bill No. 1393 was enacted.  As previously stated, effective January 1, 2019, Senate Bill

No. 1393 amended section 667, subdivision (a)(1), and section 1385, subdivision (b), to permit trial courts to strike the prior serious felony conviction enhancement in furtherance of justice. Defendant subsequently filed an opening brief arguing that Senate Bill No. 1393 applies retroactively to cases not yet final on appeal and that he is entitled to remand to afford the trial court the opportunity to exercise its discretion to strike the five-year serious felony conviction enhancement.[6]

The People concede that Senate Bill No. 1393 applies retroactively to cases not yet final on appeal, but they contend that defendant's appeal must be dismissed because he failed to obtain a certificate of probable cause (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(4)(B)), and that *Hurlic*, which held to the contrary, was wrongly decided (*Hurlic*, *supra*, 25 Cal.App.5th at p. 53). Alternatively, they contend that even if we agree with *Hurlic* and conclude that defendant did not need to obtain a certificate of probable cause, remand would be futile.

Defendant did not file a reply brief.

### C. Summary of Split of Authority Concerning Certificate of Probable Cause Requirement

#### 1. Certificate of Probable Cause Not Required

##### a) *Hurlic*

In *Hurlic*, the defendant pled no contest to attempted murder and admitted a firearm enhancement allegation under section 12022.53, subdivision (c), pursuant to a negotiated plea bargain that did not include a waiver of the right to appeal. (*Hurlic*, *supra*, 25 Cal.App.5th at pp. 53–54.) He was sentenced to the stipulated term of 25 years

---

[6] Defendant's initial opening brief raised an issue that was rendered moot by the California Supreme Court's decision in *People v. Ruiz* (2018) 4 Cal.5th 1100. He thereafter moved to strike the opening brief and replace it with a brief filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436. After his motion was granted, Senate Bill No. 1393 passed. Defendant subsequently filed a motion to strike his *Wende* brief and file an opening briefing, raising a claim for relief under Senate Bill No. 1393, which was granted.

in prison and, shortly thereafter, the Governor signed Senate Bill No. 620, which amended sections 12022.5 and 12022.53 effective January 1, 2018, to permit a trial court, in the furtherance of justice, to strike or dismiss a firearm enhancement otherwise required to be imposed under the statute.[7] (*Hurlic*, *supra*, at pp. 53–54.) Defendant then filed a timely notice of appeal and noted on the appeal form that he was requesting a certificate of probable cause to seek relief under Senate Bill No. 620. (*Hurlic*, *supra*, at p. 54.) For reasons left unclear, the trial court did not issue a certificate of probable cause. (*Ibid.*)

On review, the Second District Court of Appeal, Division Two, considered whether the general rule requiring a certificate of probable cause to challenge a sentence imposed pursuant to a plea bargain applies when the challenge arises from a retroactive change in the law granting the trial court discretion to strike a firearm enhancement that was, at the time of the plea and sentencing, mandatory. (*Hurlic*, *supra*, 25 Cal.App.5th at p. 53.) The court concluded that a certificate of probable cause was not required and, in the unpublished section of the opinion, that remand for resentencing under Senate Bill No. 620 was appropriate. (*Hurlic*, *supra*, at p. 59.)

In reaching this conclusion, the *Hurlic* court recognized the line of authority requiring a certificate of probable cause as a condition precedent to appellate review where the parties had agreed to the specific prison sentence imposed and the line of authority regarding the retroactivity of new ameliorative criminal statutes. (*Hurlic*, *supra*, 25 Cal.App.5th at pp. 55–56.) The court reconciled the two lines by concluding that, in the narrow circumstances presented by the case, the line of authority regarding retroactivity of ameliorative changes in the law trumped the line of authority requiring a

---

[7]     Senate Bill No. 620 (2017-2018 Reg. Sess.) ch. 682, §§ 1, 2 (Senate Bill No. 620 or Sen. Bill No. 620).

certificate of probable cause. (*Id.* at p. 57.) This conclusion was founded on three rationales. (*Id.* at pp. 57–58.)

First, the court recognized that "plea agreements are, at bottom, 'a form of contract,' and their terms, like the terms of any contract, are to be enforced. ([*People v.*] *Shelton*, *supra*, 37 Cal.4th at p. 767; cf. *Segura*, *supra*, 44 Cal.4th at pp. 931–932 [court must enforce terms of plea and may not modify them just because one party unilaterally so requests].) Unless a plea agreement contains a term requiring the parties to apply only the law in existence at the time the agreement is made, however, 'the general rule in California is that the plea agreement will be "'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.'"' (*Doe*[, *supra*,] 57 Cal.4th [at p. 66,] quoting *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070.) Put differently, courts will not amend a plea agreement to add '"an implied promise [that] the defendant will be unaffected by a change in the statutory consequences attending his or her conviction."'"[8] (*Hurlic*, *supra*, 25 Cal.App.5th at p. 57, quoting *Harris*, *supra*, 1 Cal.5th at p. 991.)

Second, the court stated, "[D]ispensing with the certificate of probable cause requirement in the circumstances present here better implements the intent behind that requirement. Although the requirement is to be 'applied in a strict manner' (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098), we cannot ignore its underlying purposes, which are: (1) to facilitate and encourage plea agreements, which are '"an accepted and 'integral component of the criminal justice system and essential to the expeditious and fair administration of our courts.' [Citations.]"' (*Harris ...*, *supra*, 1 Cal.5th at p. 992; see

---

[8]    As previously stated, recently enacted Assembly Bill No. 1618 amended the Penal Code to provide, in relevant part, that a plea bargain "that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).)

*Segura*, *supra*, 44 Cal.4th at p. 929; *Panizzon*, *supra*, 13 Cal.4th at pp. 79–80); and, as noted above, (2) to 'weed out frivolous or vexatious appeals' (*Panizzon*, at p. 75). If, as the People urge, a defendant who enters a plea of guilty or no contest must go through the additional step of seeking and obtaining a certificate of probable cause to avail himself or herself of the advantage of ameliorative laws like Senate Bill No. 620 (2017-2018 Reg. Sess.) that are otherwise indisputably applicable to him or her, the incentive to enter a plea—or, at a minimum, the incentive to do so expeditiously if legislation or voter initiative along these lines is being contemplated—is reduced. And where, as here, the defendant's entitlement to a new law's retroactive application is undisputed, an appeal seeking such application is neither 'frivolous' nor 'vexatious,' thereby obviating any need for section 1237.5's screening mechanism." (*Hurlic*, *supra*, 25 Cal.App.5th at pp. 57–58.)

Finally, the court explained, "[T]he rules of statutory construction favor application of Senate Bill No. 620 (2017-2018 Reg. Sess.) over section 1237.5. Where two statutes conflict, courts give precedence to the later-enacted statute and precedence to the more specific statute. (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 960–961.) And if those two rules of precedence conflict, the more specific statute trumps—even if it is earlier enacted. (*Ibid.*) In this case, Senate Bill No. 620 is the later-enacted statute because it was enacted in 2017, while section 1237.5 was enacted in 1988. Senate Bill No. 620 is also more specific because it deals with a particular sentencing enhancement, whereas section 1237.5 deals more generally with appeals from pleas. Under these canons of construction, in the tug of war between our Legislature's competing intents to have a screening mechanism for appeals following pleas and to give defendants whose convictions are not yet final the benefit of a possible sentencing reduction, the latter intent prevails." (*Hurlic*, *supra*, 25 Cal.App.5th at p. 58.)

### b. *Baldivia*

Several months later, the Sixth District Court of Appeal considered the *Hurlic* decision in *Baldivia*, a case involving a defendant who, prior to the passage of

Proposition 57 and the enactment of Senate Bill No. 620, pled no contest in criminal court to certain offenses committed when he was a juvenile and admitted certain enhancements, including a firearm enhancement under section 12022.53.[9] (*Baldivia*, *supra*, 28 Cal.App.5th at pp. 1073–1075.) Pursuant to the plea bargain, the trial court sentenced the defendant in June 2016 to a stipulated term of 17 years four months. (*Id.* at p. 1074.) Subsequently, voters passed Proposition 57 in November 2016 and Senate Bill No. 620 was enacted effective January 1, 2018. (*Baldivia*, *supra*, at p. 1075.)

Following proceedings that are unnecessary to summarize here, the Court of Appeal requested, pre-*Hurlic*, supplemental briefing on the issue of whether the defendant could raise Proposition 57 and Senate Bill No. 620 issues in the absence of a certificate of probable cause. (*Baldivia*, *supra*, 28 Cal.App.5th at p. 1076.) The parties agreed the issues could be raised, and the People also conceded that the defendant was entitled to remand under Proposition 57 and Senate Bill No. 620. (*Baldivia*, *supra*, at p. 1076.)

Between the People's supplemental response brief and the defendant's supplemental reply brief, the decision in *Hurlic* was issued. (*Baldivia*, *supra*, 28 Cal.App.5th at pp. 1076–1077.) The court in *Baldivia* discussed the California Supreme Court's decisions in *Harris* and *Doe* (*Baldivia*, *supra*, at pp. 1077–1078), and concluded that the first rationale articulated in *Hurlic* was dispositive of the matter (*Baldivia*, *supra*, at pp. 1076–1077). The court stated, "If the electorate or the Legislature expressly or implicitly contemplated that a change in the law related to the consequences of criminal offenses would apply retroactively to all nonfinal cases, [as the electorate did with Proposition 57 and the Legislature did with Senate Bill No. 620,] those changes logically must apply to preexisting plea agreements, since most criminal cases are resolved by plea

---

[9] The People's opening brief in this case was filed on the same day the decision in *Baldivia* was issued.

agreements. It follows that [the] defendant's appellate contentions were not an attack on the validity of his plea and did not require a certificate of probable cause." (*Id.* at p. 1079.) The court remanded the matter for a transfer hearing under Proposition 57 and, if necessary, resentencing under Senate Bill No. 620. (*Baldivia, supra,* at p. 1079.)

### c. *Stamps*

Thereafter, in *Stamps*, the First District Court of Appeal, Division Four, followed the reasoning of *Hurlic*. (*Stamps, supra,* 34 Cal.App.5th at p. 121, review granted.) The parties in *Stamps* entered into a plea agreement that included a stipulated sentence of nine years, one component of which was the then-mandatory five-year prior serious felony conviction enhancement, and a general waiver of the right to appeal. (*Id.* at pp. 119 & 120, fn. 3.) The trial court denied the defendant's request for a certificate of probable cause and, approximately seven months later, Senate Bill No. 1393 was passed. (*Stamps, supra,* at pp. 119–120.)

The court concluded that as with Senate Bill No. 620 in *Hurlic*, because Senate Bill No. 1393 "was not on the books or anticipated when [the] defendant entered his plea agreement, … his present appeal is not a challenge to the validity of the plea itself." (*Stamps, supra,* 34 Cal.App.5th at p. 122, review granted.) The court further concluded that "[b]ecause the Senate Bill No. 1393 amendment … was intended to apply retroactively, [the] defendant is entitled to seek relief under the new law" (*id.* at p. 123), and "[t]he court's acceptance of the negotiated sentence … does not clearly establish that the court would not have exercised discretion to strike the enhancement if it had that discretion" (*id.* at p. 124). The court cautioned, however, that "[i]n exercising its discretion, the trial court is not precluded from considering whether doing so would be incompatible with the agreement on which defendant's plea was based." (*Ibid.*)

13.

### 2. Certificate of Probable Cause Required

#### a. *Kelly*

Following the decisions in *Hurlic* and *Baldivia*, a split of authority developed with the issuance of the decision in *Kelly*, *supra*, 32 Cal.App.5th 1013, review granted. Approximately five months before the enactment of Senate Bill No. 1393, the defendant in *Kelly* was sentenced to a stipulated term that included a five-year prior serious felony conviction enhancement. The Second District Court of Appeal, Division 6, relying on *Panizzon*, concluded that a certificate of probable cause was required to request discretionary relief under Senate Bill No. 1393 and the court dismissed the defendant's appeal. (*Kelly*, *supra*, at pp. 1018–1019.) The *Kelly* court distinguished *Hurlic* on the basis that where the defendant in *Hurlic* sought a certificate of probable cause to avail himself of relief under Senate Bill No. 620, the defendant in the instant case did not identify a new law as the basis for appeal. (*Kelly*, *supra*, at p. 1017; contra, *Stamps*, *supra*, 34 Cal.App.5th at pp. 123–124, review granted [finding *Kelly's* analysis unpersuasive given failure to address *Hurlic*'s reasoning & failure to consider *Baldivia*, *Doe* or *Harris*].)

#### b. *Fox*

Subsequently, in *People v. Fox*, the First District Court of Appeal, Division One, agreed with *Kelly* that a certificate of probable cause was required to request relief under Senate Bill No. 620, although it set forth a different analysis and questioned *Kelly's* reliance on the fact that in *Hurlic*, the defendant specified on the appeal form he was seeking relief under Senate Bill No. 620. (*People v. Fox* (2019) 34 Cal.App.5th 1124, 1133 1139 (*Fox*), review granted July 31, 2019, No. S256298.) The defendant in *Fox* entered his plea after the passage of Senate Bill No. 620, but was sentenced before it went into effect, and the record did not indicate he waived his appeal rights. (*Fox*, *supra*, at pp. 1127–1128.)

14.

*Fox* distinguished *Doe* and *Harris* on the grounds that the general rule articulated therein regarding plea bargains' lack of insulation from retroactive changes in the law did not apply. (*Fox*, *supra*, 34 Cal.App.5th at pp. 1135–1136, review granted.) The court pointed out that one, unlike in *Hurlic* and *Baldivia*, the relevant change in the law was already part of the legal landscape when the defendant entered his plea and was sentenced: the defendant had actual knowledge of Senate Bill No. 620 at the time of his sentencing, "his trial counsel's comments at the sentencing hearing reveal that in agreeing to a 10-year term for the firearm enhancement the parties understood that [he] would *not* have the benefit of the new law once it went into effect," and he could have, at the very least, filed a timely request for a certificate of probable cause as to Senate Bill No. 620. (*Fox*, *supra*, at p. 1135 & fn. 5.)

Two, the court recognized that "the general rule that plea agreements incorporate subsequent changes in the law pertains only to changes that the Legislature or electorate '"*intended to apply to*"' the parties to plea agreements, a crucial limitation." (*Fox*, *supra*, 34 Cal.App.5th at p. 1135, review granted, quoting *Harris*, supra, 1 Cal.5th at p. 991.) Although the court agreed that Senate Bill No. 620 is retroactive to judgments not yet final on appeal, it disagreed that retroactive application "equates to the Legislature's intent that the change be incorporated into all plea agreements in cases where the judgment is not yet final." (*Fox*, *supra*, at p. 1136.) The court stated in sum, "[W]e cannot conclude that the Legislature intended the new law to enable defendants who agreed to serve a specific term for a firearm enhancement to avoid that term yet retain the benefits of their plea agreements. Rather, we conclude the remedy for such defendants is to seek to withdraw their pleas, and they may therefore seek resentencing under Senate Bill No. 620 on direct appeal only if they first obtain a certificate of probable cause— hardly as onerous a requirement as *Hurlic* suggests—to enable them to challenge the validity of their pleas." (*Id.* at p. 1139.)

### c. *Galindo*

The decision in *Fox* was followed by a decision from a different panel of the First District Court of Appeal, Division One. The panel in *People v. Galindo* agreed with *Fox* and extended its application to a case in which the defendant, who did not waive his appeal rights, was sentenced some five months *before* Senate Bill No. 620 was passed and signed into legislation. (*People v. Galindo* (2019) 35 Cal.App.5th 658, 666 (*Galindo*), review granted Aug. 28, 2019, No. S256568.) The court reasoned, "When the parties agree to a specific sentence, a defendant seeking to reduce that sentence is necessarily challenging the validity of the plea itself. (*Panizzon*, *supra*, 13 Cal.4th at pp. 73, 79; [*People v.*] *Johnson* [(2009)] 47 Cal.4th [668,] 678–679.) Thus, consistent with our obligation to strictly apply the certificate of probable cause requirement as mandated by our Supreme Court ([*People v.*] *Mendez*, *supra*, 19 Cal.4th at p. 1098), we conclude that where the prosecution and defendant have negotiated a specific sentence, a certificate of probable cause is a necessary predicate to an appeal seeking a remand for resentencing under Senate Bill 1393." (*Id.* at p. 670.)

Regarding *Doe* and *Harris*, the court opined, "[T]he *general* legal principle that changes in the law are deemed incorporated into a plea bargain does not apply *here*, because the change in the law created by Senate Bill 1393 (allowing the court to exercise its sentencing discretion) does not affect defendant's plea, which stated a specific, agreed-upon sentence that had already been accepted and imposed by the trial court, not a sentence which granted the trial court discretion to select the sentence." (*Galindo*, *supra*, 35 Cal.App.5th at p. 670, review granted.) Further, the court distinguished *Doe* and *Harris* on the grounds that neither case involved a certificate of probable cause and that both cases involved express language evidencing application of the relevant amendment to the defendant.[10]

---

[10] In *Doe*, the relevant change in the law related to the Sex Offender Registration Act (§ 290 et seq.), and the change at issue applied, by express statutory language, to "'*every person*

16.

### d. *Williams*

*Fox* and *Galindo* were followed by *People v. Williams* (2019) 37 Cal.App.5th 602 (*Williams*), review granted Sept. 25, 2019, No. S257538. Like the defendant in *Galindo*, the defendant in *Williams* was sentenced some five months before the relevant change in the law—Senate Bill No. 1393—was passed by the Legislature and approved by the Governor. (*Williams*, *supra*, at p. 604.) The Second District Court of Appeal, Division Eight, found that Senate Bill No. 1393 applied retroactively to the defendant, but stated that "[t]here [was] no sign the Legislature meant Senate Bill 1393 to apply to cases with stipulated and negotiated plea deals" and concluded that "the Legislature did not want Senate Bill 1393 to alter existing sentences based on a negotiated plea deal and a stipulated sentence." (*Williams*, *supra*, at p. 605.) The court held that because the defendant was "necessarily challenging the validity of the plea itself," he was required to obtain a certificate of probable cause. (*Id.* at p. 606.) The court acknowledged that, as in *Galindo*, the defendant was prevented from obtaining a certificate of probable cause by virtue of the timing of the change in the law, but that nothing prevented him from seeking relief through a petition for writ of habeas corpus. (*Williams*, *supra*, at p. 605.)

---

described in this section, without regard to when his or her crimes were committed or his or her duty to register pursuant to Section 290 arose, and to every offense described in this section, regardless of when it was committed.'" (*Doe*, *supra*, 57 Cal.4th at pp. 66–67, italics added, quoting section 290.46, subd. (m).) However, the California Supreme Court was tasked only with articulating the general rule applicable to plea bargains and changes in the law, at the request of the Ninth Circuit Court of Appeals. (*Doe*, *supra*, at pp. 65–66.) The court did not address the merits of the defendant's underlying claim that he was entitled to withdraw from his plea bargain based on the unfavorable change in the law. (*Id.* at pp. 66–68.)

In *Harris*, the change in the law at issue was effected by Proposition 47, which by its express terms applies to "someone 'serving a sentence for a conviction, *whether by trial or plea*,' of one of the felonies that Proposition 47 reduced to a misdemeanor." (*Harris*, *supra*, 1 Cal.5th at p. 991, quoting § 1170.18, subd. (a).) In that case, based on the proposition's mandatory language and express application to convictions by trial and plea, the court rejected the People's position that they were entitled to withdraw from the plea agreement given the change in the law, which was unfavorable to them. (*Harris*, *supra*, at pp. 991–992.)

17.

### D. Analysis

#### 1. Senate Bill No. 1393 Applies Retroactively Under the *Estrada* Rule

"[W]e presume that newly enacted legislation mitigating criminal punishment reflects a determination that the 'former penalty was too severe' and that the ameliorative changes are intended to 'apply to every case to which it constitutionally could apply,' which would include those 'acts committed before its passage[,] provided the judgment convicting the defendant of the act is not final.' ([*In re*] *Estrada* [(1965)] 63 Cal.2d [740,] 745 [(*Estrada*)].) The *Estrada* rule rests on the presumption that, *in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect*, 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 881–882, italics added; accord, *People v. Valenzuela* (2019) 7 Cal.5th 415, 428; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307–308.)

Courts of Appeal considering Senate Bill No. 1393 and, in an analogous context, Senate Bill No. 620, have uniformly held that the changes apply retroactively to judgments not yet final on appeal. (E.g., *People v. Zamora* (2019) 35 Cal.App.5th 200, 207–208 [Sen. Bills Nos. 602 & 1393]; *Garcia*, *supra*, 28 Cal.App.5th at pp. 972–973 [Sen. Bill No. 1393]; *People v. Chavez* (2018) 22 Cal.App.5th 663, 711–712 [Sen. Bill No. 620]; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506–507 [Sen. Bill No. 620].) The People concede the point and we agree. As Senate Bill No. 1393 does not contain a savings clause and there is no indication that the Legislature intended any limitation on its retroactive application, it applies to this case in accordance with the *Estrada* rule.

#### 2. Rule in *Doe* and *Harris* Applies

We next consider the plea agreement in this case and the effect of the ameliorative change in the law under Senate Bill No. 1393. As previously stated, the general rule is

that the existence of a plea agreement does *not* insulate the parties "from changes in the law that the Legislature has intended to apply to them." (*Doe*, *supra*, 57 Cal.4th at p. 66.) Despite agreeing that Senate Bills Nos. 620 and 1393 apply retroactively to judgments not yet final on appeal, the *Fox* line of cases reasons that the Legislature did not intend for those changes to apply to plea bargains resulting in stipulated sentences. (*Fox*, *supra*, 34 Cal.App.5th at pp. 1136–1137, review granted; accord, *Galindo*, *supra*, 35 Cal.App.5th at pp. 664 & 670–671, review granted; *Williams*, *supra*, 37 Cal.App.5th at pp. 604–605, review granted; see *People v. Alexander* (2019) 36 Cal.App.5th 827, 844–846 (dis. opn. of Needham, J.), review granted Oct. 16, 2019, No. S257190.)[11] We disagree.

The plain language of Senate Bill No. 1393 contains no such limitation, and the authors of the bill explained the need to amend existing law as follows: "'Nearly every sentence enhancement in California can be dismissed at the time of sentencing if the judge finds that doing so would serve the interest of justice. However, under existing law people with current and prior serious felony convictions receive a mandatory five-year enhancement. As a result, judges lack the discretion to tailor these sentences based on the facts of the case, the defendant's history and culpability or other potential mitigating factors. This has resulted in mandatory additional terms for thousands of individuals incarcerated throughout California's prisons. This rigid and arbitrary system has meted out punishments that are disproportionate to the offense, which does not serve the interests of justice, public safety, or communities.'" (Sen. Rules Com., Assem. Floor

---

**11** In our view, the holding in *Fox* was informed in part by the facts that the defendant was fully aware of the pertinent amendment to the law prior to entry of the plea and sentencing, and that he could have but did not avail himself of the process to obtain a certificate of probable cause. (*Fox*, *supra*, 34 Cal.App.5th at p. 1135 & fn. 5, review granted.) *Galindo* and *Williams*, however, extended the holding of *Fox* to defendants who, at the time of sentencing and appeal, could not have known of the future change in the law and, therefore, could not have obtained a certificate of probable cause on the issue. (*Williams*, *supra*, 37 Cal.App.5th at p. 604, review granted; *Galindo*, *supra*, 35 Cal.App.5th at pp. 663–664 & 670, review granted.)

Analysis, 3d reading analysis of Sen. Bill No. 1393 (2017-2018 Reg. Sess.) as amended May 9, 2018.) The plain language of Senate Bill No. 1393 and the legislative history apply with equal force to all convictions.

As the Court of Appeal pointed out in *Baldivia*, *supra*, 28 Cal.App.5th at page 1077, *most* cases are resolved by plea bargain and we are unpersuaded by the proposition advanced in *Fox*, *Galindo* and *Williams* that those who pled guilty or no contest in exchange for a stipulated sentence are categorically excluded from seeking relief under Senate Bill No. 620 or Senate Bill No. 1393, despite the absence of any dispute that under the rule in *Estrada*, Senate Bill No. 620 and Senate Bill No. 1393 apply retroactively to all cases in which judgment is not yet final on appeal. (*Fox*, *supra*, 34 Cal.App.5th at pp. 1135–1136, review granted; accord, *Galindo*, *supra*, 35 Cal.App.5th at pp. 671–672, review granted; *Williams*, *supra*, 37 Cal.App.5th at p. 605, review granted; see *People v. Alexander*, *supra*, 36 Cal.App.5th at p. 845 (dis. opn. of Needham, J.), review granted.)[12]

Although the changes in the law underlying the appeals in *Doe* and *Harris* are distinguishable in some respects from the change in the law at issue here, as detailed in

---

[12] *Fox* relied in part on *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047–1048 (*Cunningham*), which involved a defendant with a prior strike conviction. (*Fox*, *supra*, 34 Cal.App.5th at p. 1139, review granted; accord, *Galindo*, *supra*, 35 Cal.App.5th at pp. 670–671, review granted.) The defendant in *Cunningham* pled guilty to petty theft with a prior after the court concluded it lacked the discretion to grant his request to strike the prior conviction, and he was sentenced under a plea bargain to a stipulated sentence of 32 months. (*Cunningham*, *supra*, at p. 1046.) On appeal, the defendant sought remand to allow the trial court to exercise discretion regarding whether to strike the prior felony conviction. (*Ibid.*) The Court of Appeal acknowledged the California Supreme Court's then-recent decision "that the three strikes law did not abrogate the discretion of a magistrate or court to strike a prior offense in the interest of justice pursuant to section 1385" (*id.* at p. 1047, citing *Romero*, *supra*, 13 Cal.4th at pp. 529–530), but it concluded that the defendant was bound by the plea agreement and his "express agreement to imposition of a 32–month term precludes a remand for the purpose of obtaining a lesser term by virtue of the trial court's striking of the prior offense" (*Cunningham*, *supra*, at p. 1048). We are bound by the California Supreme Court's decisions in *Doe* and *Harris*, and we find the reasoning in *Cunningham*, which was decided approximately two decades earlier, uncompelling.

footnote 9, *ante*, neither *Doe* nor *Harris* speaks to any limitation of the general rule that may be reasonably interpreted as excluding its application here, where the *Estrada* rule applies and therefore, the retroactive amendments are to be extended as broadly as possible. Notably, the Legislature codified the holding in *Doe* when it recently acted to make clear that parties to a plea bargain may *not* insulate that bargain from future ameliorative changes in the law that may apply and any such provision is void as against public policy. (§ 1018.6, subds. (a)(1), (b), eff. Jan. 1, 2020.)

### 3. Conclusion

At the point in time the parties arrived at their plea agreement, and the trial court exercised its discretion to approve that agreement, imposition of the five-year prior serious felony conviction enhancement was mandatory. The state of the law then in effect necessarily informed the parties' negotiations, just as it informed the court's subsequent consideration and approval of the agreed upon plea bargain. We agree that Senate Bill No. 1393 does not entitle defendants who negotiated stipulated sentences "to whittle down the sentence 'but otherwise leave the plea bargain intact'" (*Kelly*, *supra*, 32 Cal.App.5th at p. 1018, review granted, quoting *People v. Collins* (1978) 21 Cal.3d 208, 215; accord, *Fox*, *supra*, 34 Cal.App.5th at p. 1138, review granted; *Galindo*, *supra*, 35 Cal.App.5th at p. 673, review granted), but we part company with *Fox* and other analogous cases because, in our view, application of the *Estrada* and *Doe/Harris* rules to Senate Bill No. 1393 compels the conclusion that defendant is entitled to *seek* the benefit of change in the law.

The terms of a plea bargain are unique to the case in which the bargain was reached and, therefore, we do not endeavor to identify every conceivable consequence that might flow from a request for relief under Senate Bill No. 1393. However, unlike the mandatory changes in the law at issue in *Doe* and *Harris*, the trial court's authority under Senate Bill No. 1393 is discretionary and is confined to those instances in which the court determines that it is "in the furtherance of justice" to exercise discretion.

21.

(§ 1385, subd. (b)(1).) In many cases, the trial court may simply decline to exercise its discretion to strike the enhancement and that will end the matter.

In other cases, the trial court might conclude, upon the defendant's request, that it is in the interest of justice to strike the enhancement. In such cases, it bears repeating that "in the context of a negotiated plea the trial court may approve or reject the parties' agreement, but the court may not attempt to secure such a plea by stepping into the role of the prosecutor, *nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved*." (*Segura*, *supra*, 44 Cal.4th at pp. 931–932, italics added; accord, *K.R. v. Superior Court* (2017) 3 Cal.5th 295, 303–304; *Martin*, *supra*, 51 Cal.4th at p. 79.) "Yet, courts have broad discretion to withdraw their approval of negotiated pleas. [Citation.] '"Such withdrawal is permitted, for example, in those instances where the court becomes more fully informed about the case [citation], or where, after further consideration, the court concludes that the bargain is not in the best interests of society."' [Citation.] However, once a court withdraws its approval of a plea bargain, the court cannot 'proceed to apply and enforce certain parts of the plea bargain, while ignoring' others. [Citation.] Instead, the court must restore the parties to the status quo *ante*." (*People v. Woods* (2017) 12 Cal.App.5th 623, 630–631, quoting *In re Ricardo C.* (2013) 220 Cal.App.4th 688, 699 & citing *Segura*, *supra*, at p. 931; accord, *People v. Silva* (2016) 247 Cal.App.4th 578, 587; *People v. Kim* (2011) 193 Cal.App.4th 1355, 1361–1362; see §§ 1018, 1192.5.)[13] Thus, while there may be cases in which the trial court will elect to strike the serious felony conviction enhancement, it is not without consequence to the plea bargain.

Given that defendants in criminal cases presumably obtained some benefit from the plea agreement, we anticipate that there will be defendants who determine that,

---

**13** For example, depending on the case, the trial court may set the matter for further pretrial or trial proceedings, or permit the parties an opportunity to negotiate a new plea agreement.

notwithstanding their entitlement to seek relief based on the change in the law, their interests are better served by preserving the status quo. That determination, however, lies in each instance with the defendant.

We express no further opinion on the matter other than to reiterate that while defendant did not obtain a certificate of probable cause in this case, the issue he now advances arises from a retroactive change in the law effected well after the trial court took his plea and sentenced him. Rather than attempting to attack the validity of his plea, he is attempting to seek relief under a retroactive change in the law that he could not have foreseen at the time and that his plea agreement is deemed to have incorporated and contemplated. (*Doe*, *supra*, 57 Cal.4th at pp. 73–74.) Under these circumstances, we agree with the *Baldivia* court that the first ground articulated in *Hurlic*—application of the rule in *Doe* and *Harris*—is dispositive (*Baldivia*, *supra*, 28 Cal.App.5th at p. 1077), and conclude that defendant was not required to obtain a certificate of probable cause to request relief pursuant to Senate Bill No. 1393 (*Hurlic*, *supra*, 25 Cal.App.5th at pp. 55–57; accord, *Baldivia*, *supra*, at pp. 1077–1079; *Stamps*, *supra*, 34 Cal.App.5th at pp. 122–123, review granted).

## II.    Futility of Remand

The People contend that even if we follow *Hurlic*, remand is unwarranted because the trial court accepted the plea bargain and sentenced defendant to the stipulated sentence. Again, we disagree.

"'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had

23.

been aware that it had such discretion.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *People v. Johnson* (2019) 32 Cal.App.5th 26, 69; *Garcia*, *supra*, 28 Cal.App.5th at p. 973, fn. 3; *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1109–1111; *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081–1082; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 427–428; cf. *People v. Wilson* (2019) 42 Cal.App.5th 408, 415 [no entitlement to remand where the defendant, facing multiple life terms & additional decades in prison, accepted offer of 17 years in prison after the prosecutor was able to better the pre-preliminary hearing offer of 21 years, where such step was procedurally unusual & required consultation with the victim, investigating officer & two people within the prosecutor's office]; *People v. Allison* (2019) 39 Cal.App.5th 688, 705–706 [remand under Sen. Bill No. 620 unnecessary where trial court resentenced the defendant on remand in 2017, & court & parties focused on determining the maximum lawful sentence with goal of coming as close as possible to 51-year sentence originally imposed]); *People v. Jones* (2019) 32 Cal.App.5th 267, 274 [remand unnecessary where record clear trial court would not exercise discretion to strike enhancement under Sen. Bill No. 1393]; *People v. McVey* (2018) 24 Cal.App.5th 405, 419 [record clear trial court would not exercise discretion to strike enhancement under Sen. Bill No. 620].)

The parties agreed to a sentence of eight years four months, which the trial court approved and imposed. We agree that if the court were to strike or dismiss the enhancement, or stay the sentence on the enhancement, defendant's sentence would be reduced significantly and, therefore, as set forth previously, there are consequences attendant to defendant's request for the court to exercise its discretion under Senate Bill No. 1393. (See § 1018; *Martin*, *supra*, 51 Cal.4th at pp. 79–81; *Segura*, *supra*, 44 Cal.4th at pp. 930–932.) However, the record does not clearly demonstrate that remand would be futile (cf. *People v. Wilson*, *supra*, 42 Cal.App.5th at p. 415; *People v. Allison*, *supra*, 39 Cal.App.5th at pp. 705–706; *People v. Jones*, *supra*, 32 Cal.App.5th at p. 274;

*People v. McVey*, *supra*, 24 Cal.App.5th at p. 419), and the parties' plea bargain is not insulated from the changes in the law effected by Senate Bill No. 1393 (*Doe*, *supra*, 57 Cal.4th at pp. 73–74; *Harris*, *supra*, 1 Cal.5th at pp. 990–991). Under the circumstances presented here, if we were to decline to remand this matter based on our view of the likelihood or unlikelihood of the trial court exercising its discretion to strike the enhancement, we would be effectively insulating the agreement from retroactive changes in the law, in contravention of the law. (§ 1016.8, subd. (b), eff. Jan. 1, 2020; *Doe*, *supra*, at pp. 73–74; *Harris*, *supra*, at pp. 990–991.) Therefore, defendant is entitled to a limited remand to allow him the opportunity to request relief under Senate Bill No. 1393.

## DISPOSITION

Consistent with this opinion, this matter is remanded for the limited purpose of allowing defendant an opportunity to request relief under Senate Bill No. 1393. The judgment is otherwise affirmed.

_____

MEEHAN, J.

WE CONCUR:

_____

FRANSON, Acting P.J.

_____

PEÑA, J.

25.