Filed 6/30/21  P. v. Linnenbringer CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONALD ALLEN LINNENBRINGER,<br><br>Defendant and Appellant. | F080676<br><br>(Super. Ct. No. CR-18-002776)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie Hokans, Lewis A. Martinez, and Louis M. Vasquez, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Meehan, J. and Snauffer, J.

Defendant Donald Allen Linnenbringer contends on appeal that his one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) and that his term of probation should be reduced from three years to two years pursuant to section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950). The People argue that the matter should be dismissed for defendant's failure to file a timely notice of appeal. However, they agree that if the notice of appeal was timely filed, defendant's prior prison term enhancement should be stricken and the matter should be remanded to the trial court to modify the term of probation. We vacate the sentence, and remand to the trial court with directions to strike the prior prison term enhancement and impose a term of probation in conformity with Assembly Bill 1950. On remand, the People and the trial court shall be afforded an opportunity to accede to the modified term of probation or withdraw approval for the plea agreement.

## PROCEDURAL SUMMARY

On April 26, 2019,[2] the Stanislaus County District Attorney filed an information charging defendant with second degree burglary (§ 459; count 1) and petty theft (§ 484, subd. (a); count 2). As to count 1, the information alleged defendant had served two prior prison terms (§ 667.5, subd. (b)).

On October 7, defendant pled guilty on counts 1 and 2 and admitted one prior prison term enhancement. The admitted prior prison term was served for convictions of possession of a firearm by a felon (former § 12021, subd. (a)(1)) and forgery (§ 475, subd. (a)). The other prior prison term enhancement was dismissed.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further dates refer to the year 2019 unless otherwise stated.

On the same date, the trial court imposed the indicated sentence:  on count 1, three years felony probation and 364 days in county jail; on count 2, 30 days in jail to be served concurrently with the sentence on count 1.

On December 6, the Stanislaus County Superior Court Clerk's Office received a notice of appeal with request for certificate of probable cause.  The notice of appeal identified the issues on appeal as "1.  To be determined by appellate counsel [and] [¶] 2.  B prior pled to is invalid as of January 1, 2020."  The trial judge denied the request for certificate of probable cause.  The clerk's office then marked the notice of appeal as " '[i]noperable.' "  (See Cal. Rules of Court, rule 8.304(b)(3).)[3]  The Central California Appellate Program nevertheless sent a letter asking the court to " 'review whether the notice of appeal was sufficient to vest jurisdiction in the Court of Appeal over this cause with respect to a sentencing only appeal.' "  In response, the trial court concluded that the notice of appeal was "sufficient to vest jurisdiction" and therefore filed the notice of appeal on January 29, 2020.

## DISCUSSION[4]

### The Notice of Appeal was Timely Filed

As a threshold matter, the People argue defendant failed to file a timely notice of appeal.  We disagree.

A notice of appeal "must be filed within 60 days after rendition of the judgment …."  (Rule 8.308(a).)  The Stanislaus County Superior Court received defendant's notice of appeal on December 6—60 days after the judgment was entered.

To appeal from a judgment after a plea of guilty or no contest, a defendant must ordinarily file a request for certificate of probable cause.  (§ 1237.5; rule 8.304(b)(1);

---

[3]    Rule references are to the California Rules of Court.

[4]    Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

*People v. Cuevas* (2008) 44 Cal.4th 374, 379.)  However, a certificate is not required if the appeal is based upon "[g]rounds that arose after the entry of the plea and do not affect the plea's validity." (Rule 8.304(b)(4)(B); accord, *Cuevas*, at p. 379.)  In determining whether the certificate requirement applies to claims challenging a sentence imposed after a guilty or no contest plea, the critical inquiry is whether the claim is, in substance, a challenge to the validity of the plea. (*People v. Buttram* (2003) 30 Cal.4th 773, 781–783, 786–787.)

Here, the only issue identified in the notice of appeal was the Senate Bill 136 issue and the only record requested was the sentencing hearing transcript.  Further, in the declaration supporting the request for certificate of probable cause, the only basis identified in support of the request was "the recent passage of Senate Bill 136."  No basis was identified that occurred during or before the entry of the plea or that would undermine the validity of the plea.  (See rule 8.304(b)(4)(B).)  As a matter of law, an appeal taken from a guilty plea based on a "subsequently enacted ameliorative" change in the law does not require a certificate of probable cause.  (*People v. Stamps* (2020) 9 Cal.5th 685, 695–696 [Senate Bill No. 1393] (*Stamps*); see *People v. Baldivia* (2018) 28 Cal.App.5th 1071, 1077–1079 [Proposition 57]; *People v. Hurlic* (2018) 25 Cal.App.5th 50, 53–54 [Senate Bill No. 620].)  However, as our Supreme Court noted, "[w]hether an appeal challenges the validity of the plea itself … can be a nuanced question[,]" (*Stamps*, at p. 696) and on the date defendant filed his notice of appeal, the law was not clear whether a certificate of probable cause was required to raise issues arising under subsequently enacted ameliorative changes in the law (*People v. Ellis* (2019) 43 Cal.App.5th 925, 933–940 [summarizing split in authority regarding the need for a certificate of probable cause when raising claims regarding postplea ameliorative changes in the law]).  We cannot fault defendant's trial counsel for seeking a certificate of probable cause in an abundance of caution.  More importantly, whether a defendant can take an appeal of certificate issues is separate from the question of whether a defendant

4.

can take an appeal of noncertificate issues. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096 ["[T]he Court of Appeal may proceed to the merits of the appeal if the defendant has based his appeal solely on noncertificate grounds and has filed a notice of appeal so stating within 60 days after rendition of judgment."]; *People v. Jones* (1995) 10 Cal.4th 1102, 1106, disapproved on other grounds in *In re Chavez* (2003) 30 Cal.4th 643, 656; see rule 8.304(b)(5) ["If the defendant's notice of appeal contains a statement [that the grounds arose after entry of the plea and do not affect the plea's validity], the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with [the requirement to obtain a certificate of probable cause]."].) Accordingly, denial of the certificate of probable cause does not divest us of jurisdiction over the postplea matter identified in the timely notice of appeal—the Senate Bill 136 issue—which does not affect the validity of the plea. (See *Mendez*, at p. 1096.)

**Senate Bill 136**

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree,[5] as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court found true that defendant served a prior prison term for convictions of possession of a firearm by a felon (former § 12021, subd. (a)(1)) and

---

[5]     Again, the People contend that defendant's notice of appeal is untimely. However, they concede, "[a]ssuming … that [defendant's] notice of appeal is timely, this court should order the prior prison term enhancement stricken."

forgery (§ 475), neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). The trial court's finding that defendant served a prior prison term must therefore be stricken.

Where a portion of a sentence must be stricken, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Here, because the trial court found the prior prison term allegation true but granted defendant probation without imposing the term enhancement, striking the enhancement has no impact on defendant's sentence. We therefore need not remand the matter for resentencing on that issue.

### Assembly Bill 1950

Effective January 1, 2021, Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years and most misdemeanor offenses to one year. (§§ 1203a, subd. (a), 1203.1, subds. (a) & (m), as amended by Stats. 2020, ch. 328, §§ 1, 2.) "[T]he … limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity." (*People v. Sims* (2021) 59 Cal.App.5th 943, 963–964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.) Therefore, the amendments to sections 1203a and 1203.1 apply to all cases not final on Assembly Bill 1950's effective date. (*Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to a term of felony probation exceeding two years for a crime of conviction that is not a violent felony exempted from the two-year limit on felony

6.

probation. (§§ 1203.1, subd. (m), 667.5, subd. (c).)[6] We agree. Defendant is entitled to the benefit of Assembly Bill 1950.

The parties disagree on the appropriate remedy—defendant contends we should modify his term of probation; the People contend we should remand the matter to the trial court to modify the terms of probation. Because the term of probation was negotiated as part of a plea agreement, we remand the matter for the trial court to modify the term of probation consistent with Assembly Bill 1950 and to permit the People and the trial court the opportunity to withdraw approval of the plea agreement in light of the required modification to the term of probation.

In *Stamps*, our Supreme Court concluded that a defendant was entitled to the benefit of an ameliorative change in the law—specifically, pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), he was entitled to have the matter remanded for the trial court to exercise its discretion to strike a serious felony conviction enhancement in the interest of justice. (*Stamps*, *supra*, 9 Cal.5th at p. 699.) However, because the serious felony conviction enhancement was imposed as part of a negotiated stipulated sentence, if the trial court exercised its discretion to strike the enhancement, the People and the trial court were permitted to withdraw approval for the plea agreement. (*Stamps*, at pp. 707–708.) The defendant was not permitted " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact ....' " ' " (*Id*. at p. 706.)

This court reached the same conclusion in *People v. Hernandez* (2020) 55 Cal.App.5th 942 (review granted Jan. 27, 2021, S265739), where we directed the trial court to strike prior prison term enhancements pursuant to Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), but also concluded that the People and trial court must be permitted to withdraw approval for the negotiated plea. (*Hernandez*, at pp. 958–

---

**6** Second degree burglary (§ 459) is not a violent felony offense excluded from section 1203.1, subdivision (a)'s two-year limit on duration of felony probation by section 1203.1, subdivision (m).

959.)  We explained that the distinction between the discretionary nature of Senate Bill 1393 (*permitting* trial courts to strike serious felony enhancements) and the mandatory nature of Senate Bill 136 (*prohibiting* imposition of prior prison term enhancements for convictions not served for sexually violent offenses) was not dispositive to the issue of whether the People or a trial court must be permitted to withdraw from a plea agreement.  (*Hernandez*, at p. 957.)  Instead, we explained, we review "the history of the amendment[] to determine whether there was any intent [] 'to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification' to determine whether the district attorney can withdraw from the plea agreement."  (*Hernandez*, at p. 957; accord, *Stamps*, *supra*, 9 Cal.5th at p. 701 ["In order to justify a remand for the court to consider striking his serious felony enhancement while maintaining the remainder of his bargain, defendant must establish not only that Senate Bill 1393 applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385."].)  We concluded that "there is no evidence the Legislature intended Senate Bill 136 to permit the trial court to unilaterally modify a plea agreement once the prior prison term enhancements are stricken."  (*Hernandez*, at p. 958.)

Like Senate Bills 1393 and 136, there is no evidence that the Legislature intended Assembly Bill 1950 to permit unilateral modification of plea agreements by shortening negotiated terms of probation.[7]  We therefore vacate the sentence and remand the matter

---

[7]    To be clear, we recognize that the Assembly and Senate Committees on Public Safety both explain that proponents of Assembly Bill 1950 assert in broad terms that shortening terms of probation is beneficial for society and probationers.  For instance, the Senate Committee on Public Safety summarized a proponent's view that "probation supervision is most beneficial in the early part of a probation term" and shorter terms of probation "would enable probation officers to more efficiently manage their caseloads." (Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1950 (2019–2020 Reg. Sess.), as amended June 10, 2020, p. 5.)  While those positions certainly support reduced terms of

to the trial court to impose a term of probation that conforms with Assembly Bill 1950 and to permit the People and the trial court an opportunity to accede to the shorter term of probation or withdraw from the plea agreement.

## **DISPOSITION**

The sentence is vacated. The matter is remanded to the trial court to strike the prior prison term finding (§ 667.5, subd. (b)), modify the term of probation to conform with Assembly Bill 1950, and permit the People and trial court an opportunity to withdraw from the plea agreement.

---

probation, they do not speak to whether Assembly Bill 1950 was intended to modify negotiated plea agreements.